UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOCAL UNION 755,<br><br>　　　　　Defendants. | Case No.   1:23-cv-01163-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff Sergio Alvarez filed this lawsuit on August 4, 2023. (ECF No. 1). Plaintiff describes his claim as follows: "I lost my job including my wages my Union Hall should be helping me instead going against me I am behind on my bills." (*Id.* at 5) (alterations to capitalization). Plaintiff has filed an application to proceed *in forma pauperis*. (ECF No. 2). Because review of the application indicates that Plaintiff can afford to pay the filing fee in this case, the Court recommends that the application be denied.

　　　　The "denial of leave to proceed *in forma pauperis* [is reviewed] for abuse of discretion." *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-

1

JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, "[a]n affidavit in support of an [*in forma pauperis*] application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234. However, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Here, Plaintiff's application states that Plaintiff is employed and makes $2,300, although Plaintiff does not provide information required by the form, including the pay period for such wages, *i.e.*, weekly, bi-monthly, *etc.*, nor the name and address of Plaintiff's employer. (ECF No. 2, p. 1). Plaintiff also lists his having $100,000 in cash or checking or savings accounts. (*Id.* at 2). While Plaintiff lists having three children and "bills," Plaintiff does not, as the form requires, explain his expenses.

Given that Plaintiff has $100,000 in cash or in a checking or savings account and that he has some frequency of income in the amount of $2,300 without any defined expenses, Plaintiff can afford the $402.00 filing fee for this action.

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be DENIED; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if Plaintiff wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 7, 2023**                         /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE