UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LOCAL UNION 755,<br><br>　　　　　　Defendant. | Case No.  1:23-cv-01163-JLT-EPG<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT PLAINTIFF WISHES TO STAND ON THE COMPLAINT<br><br>(ECF NO. 1)<br><br>THIRTY (30) DAY DEADLINE |

　　　　Plaintiff Sergio Alvarez proceeds *pro se* and *in forma pauperis* in this civil action filed on August 4, 2023, against Defendant Local Union 755. (ECF Nos. 1, 7). The complaint appears to assert discrimination in violation of the Americans with Disability Act (ADA).

　　　　The Court has reviewed Plaintiff's complaint and finds that Plaintiff fails to state any cognizable claims. Plaintiff now has the following options as to how to move forward. Plaintiff may file an amended complaint if Plaintiff believes that additional facts would state a cognizable claim or claims. If Plaintiff files an amended complaint, the Court will screen it in due course. Or Plaintiff may file a notice stating that Plaintiff wants to stand on the complaint and have it reviewed by the assigned District Judge, in which case the Court will issue findings and recommendations to the District Judge consistent with this order.

**I.    SCREENING REQUIREMENT**

Because Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. Under this statute, "the court shall dismiss the case at any time if the court determines that the action . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**II.   PLAINTIFF'S COMPLAINT**

Plaintiff used a form complaint for this case. Under the section of the form asking for a statement of the claim, Plaintiff states as follows: "I lost my job including my wages my union hall should be helping me instead going against me I am behind on my bills."[1] (ECF No. 1, p. 5). Under the amount-in-controversy section, he states: "I was discriminated for the reason my hall agree with the company for only me go to get ADA doctor approval." (*Id.*). As for relief, he states: "Due to being discriminated at work in front [of] my coworker I felt humiliated, belittled, and I was stressed and still affecting me and emotionally." Attached to the complaint is a letter

---

[1] For readability, minor alterations, such as correcting misspellings, have been made to Plaintiff's quotations without indicating each change.

from the Equal Employment Opportunity Commission, notifying Plaintiff of his right to sue. Plaintiff also attaches a civil cover sheet, listing "discrimination" as his cause of action.

**III.  ANALYSIS**

**A. Rule 8**

As noted above, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addressing Rule 8(a), the Ninth Circuit has concluded that, "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Here, the complaint falls within "[o]ne well-known type of violation" of Rule 8, the "pleading says *too little*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis in original).

Plaintiff's references to the ADA and suffering discrimination indicate that he believes Defendant Local Union 755 discriminated against him based on a disability in violation of the ADA. However, he does not include factual allegations to give Defendant fair notice of what Defendant did to violate the ADA. For example, he does not identify his disability or how Defendant discriminated against him based on his disability. Without knowing what facts support Plaintiff's claims, Defendant cannot effectively defend this case. Thus, the complaint does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

While Plaintiff's complaint fails to comply with Rule 8(a), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Court will allow Plaintiff to file an amended complaint providing facts regarding what Defendant did to violate Plaintiff's rights. Below the Court provides some legal standards regarding a discrimination claim under the ADA.

**B. ADA**

"[T]o establish a prima facie case of discrimination under the ADA [a plaintiff] must show that she: (1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of her disability. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir.

2001). Under the ADA, "[t]he term 'disability' means, with respect to an individual (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 563 (1999) (quoting 42 U.S.C. § 12102(1)).

> There is a two-step inquiry to determine whether an individual is qualified:
>
> We first determine whether the individual satisfies the prerequisites of the job; more specifically, whether "the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires." At step two, we determine whether, "with or without reasonable accommodation," the individual is able to "perform the essential functions of such position."

*Anthony v. Trax Int'l Corp.*, 955 F.3d 1123, 1127–28 (9th Cir. 2020) (quoting 29 C.F.R. § 1630.2(m)).

## IV. CONCLUSION AND ORDER

The Court concludes that Plaintiff's complaint fails to state any cognizable claims for the reasons described above.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, the amended complaint must allege violations under the law as discussed above. Plaintiff should note that although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on the complaint, in which case the Court will issue findings and recommendations to the District Judge recommending dismissal of the action consistent with this order.

Based on the foregoing, IT IS ORDERED that:

1. The Clerk of Court is directed to send Plaintiff a complaint for a civil case (Form - *Pro Se* 1);
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint; or
   b. Notify the Court in writing that Plaintiff wants to stand on the complaint.
3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:23-cv-01163-JLT-EPG; and
4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: __**August 23, 2023**__         /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE