UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>            Plaintiff,<br><br>    v.<br><br>LOCAL UNION 755,<br><br>            Defendant. | Case No.   1:23-cv-01163-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE<br><br>(ECF No. 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

    Plaintiff Sergio Alvarez proceeds *pro se* and *in forma pauperis* in this civil action filed on August 4, 2023, against Defendant Local Union 755. (ECF Nos. 1, 7, 9). As amended, the complaint asserts that Defendant Local Union 755 discriminated against Plaintiff in some unspecified manner. (ECF No. 9).

    The Court previously screened the complaint and found that Plaintiff failed to state any cognizable claims. (ECF No. 8). The Court gave Plaintiff leave to file an amended complaint to cure the deficiencies identified in the screening order. Alternatively, the Court gave Plaintiff the option of standing on his complaint, subject to the Court issuing findings and recommendations to a district judge consistent with the screening order.

    On September 1, 2023, Plaintiff filed an amended complaint. (ECF No. 9). Because the amended complaint suffers the same deficiencies identified in the prior screening order, the Court recommends that this action be dismissed with prejudice. Plaintiff has fourteen days from the date of service of these findings and recommendations to file any objections.

1

## I. SCREENING REQUIREMENT

Because Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. Under this statute, "the court shall dismiss the case at any time if the court determines that the action . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff used a form complaint for this case. There are only two descriptions of Plaintiff's claim on the form. Under the basis for federal question jurisdiction, Plaintiff lists "[d]iscrimination." (ECF No. 9, p. 4). Under the relief section Plaintiff states as follows:

> My union did not represent me but did talk to company and agreed with them and never told me or mention what was the outcome of the problem I think my own union discriminat[ed] against me and I talk[ed] to Jesse Casteniena and he said there was nothing that they told the company but my co[-]worker did a statement on it that the company said the union agree[d] with them.

(*Id.* at 6).

## III. ANALYSIS

As noted above, Rule 8(a) requires a complaint to contain "a short and plain statement of

2

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addressing Rule 8(a), the Ninth Circuit has concluded that, "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Here, the complaint falls within "[o]ne well-known type of violation" of Rule 8, the "pleading says *too little*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis in original).

Plaintiff asserts that he was discriminated against, apparently in terms of Defendant not representing him in a dispute with a company that Plaintiff was presumably working for, but he offers no factual allegations to explain how Defendant discriminated against him. In his last complaint, Plaintiff referenced the Americans with Disabilities Act (ADA), and the Court provided him with standards regarding claims under the ADA. However, Plaintiff does not now make any claim for discrimination based on disability or any other protected basis under Federal or state law. Without knowing how Defendant allegedly discriminated against Plaintiff, Defendant cannot effectively defend this case. Thus, the complaint does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### IV. CONCLUSION, RECOMMENDATIONS, AND ORDER

"A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) (collecting cases) (footnote omitted). A court "should first consider less drastic alternatives, but need not exhaust them all before finally dismissing a case." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (citation and internal quotation marks omitted). "These less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that [Plaintiff] associate experienced counsel." *Nevijel*, 651 F.2d 671, 674 (9th Cir. 1981).

Here, the Court has considered less drastic alternatives, but concludes that none are warranted. Plaintiff's failure to cure the deficiencies identified by the Court in the first screening order, despite being given plenty of time to do so, indicates that he would not be able to state a claim even if given additional leave to amend. Thus, it appears that further leave to amend would

3

be futile.

Based on the foregoing, IT IS RECOMMENDED that:

1. This action be dismissed with prejudice; and
2. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 8, 2023**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE