UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>LOCAL UNION 755,<br><br>        Defendant. | No. 1:23-cv-01163 JLT EPG<br><br>ORDER DENYING MOTION TO REOPEN CASE<br><br>(Doc. 14). |

Sergio Alvarez, proceeding *pro se*, generally alleged discrimination by Defendant in his initial complaint filed on August 4, 2023. (Doc. 1) The assigned magistrate judge screened the complaint (28 U.S.C. § 636(b)(1)(B) and Local Rule 302) and concluded that Plaintiff failed to state any claims. (Doc. 8) The Court granted him leave to amend. (Doc. 8.) After Plaintiff filed an amended complaint, the assigned magistrate judge concluded that Plaintiff failed to allege facts sufficient to support his claims for discrimination or violation of the Americans with Disabilities Act. (Doc. 10 at 2-3.) The magistrate judge recommended that the action be dismissed with prejudice following Plaintiff's failure to cure the pleading deficiencies previously identified in the screening order. (*Id.* at 3-4.) Plaintiff filed objections. (Doc. 11.) On October 24, 2023, the Court adopted the findings and recommendations in full, dismissed the case with prejudice, and directed the Clerk of Court to close the action. (Doc. 12.)

On January 3, 2024, Plaintiff filed a motion to reopen the case, stating, in part, as follows:

1

"I would like a [reconsideration] to open this case because I never got a notice and why would [it] be close[d] if I had a right to sue notice plus I turn[ed] in [e]vidence [and] email of my co-worker and he was willing to testify and everything was turn in . . . ."  (Doc. 14.)  The Court construes this as a motion brought under Federal Rule of Civil Procedure 60.

Pursuant to Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding."  *Id.*  Rule 60(b) states that such relief may be granted "for the following reasons:"

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control."  *Harvest*, 531 F.3d at 749 (internal quotation marks, citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the

litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original).

Plaintiff fails to offer any proper grounds for reconsideration of the Court's order dismissing this case with prejudice.  Instead, Plaintiff relies on his amended complaint, which the Court found insufficient.  Moreover, though Plaintiff claims that he did not receive "a notice," clearly, he received the findings and recommendations (because he objected to them) and this Court's order closing the case (because he now seeks to reopen it). For the reasons given above, Plaintiff's motion to reopen this case (Doc. 14) is **DENIED**.  This action remains closed, and no further motions will be entertained.

IT IS SO ORDERED.

Dated:   **January 26, 2024**

UNITED STATES DISTRICT JUDGE